UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GRACIELA VILLA,<br>     Plaintiff(s),<br>v.<br>ALBERTSON'S LLC,<br>     Defendant(s). | Case No. 2:24-cv-01690-NJK<br><br>**Order** |

Pending before the Court is an order to show cause why the case should not be remanded for lack of subject matter jurisdiction. Docket No. 16. Defendant filed a response. Docket No. 17. The parties consent to the undersigned magistrate judge presiding over this case. *See* Docket Nos. 2-3; *see also* Fed. R. Civ. P. 73. For the reasons discussed below, this case is hereby **REMANDED** to state court.

**I.  BACKGROUND**

Plaintiff alleges that she slipped and fell on water on the floor of Defendant's supermarket in Las Vegas, Nevada. Docket No. 1-3 at ¶¶ 7-8. On July 22, 2024, Plaintiff filed suit in state court. *Id.* at 1. On September 11, 2024, Defendant removed the case to federal court based on diversity jurisdiction. Docket No. 1.

**II.  STANDARDS**

When a case is filed in state court between parties who are citizens of different states and the case value exceeds $75,000, the defendant may remove the case to federal court. 28 U.S.C. §§ 1332, 1441, 1446. "Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and there is a strong presumption against removal jurisdiction, *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The defendant

1

always has the burden of establishing that removal is proper. *Id.* This burden is usually satisfied if the plaintiff claims a sum greater than the threshold requirement. *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–99 (1938)). If the amount of plaintiff's claim is unclear, the defendant must prove by a preponderance of the evidence that the jurisdictional amount has been met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Defendants may rely on facts presented in the removal petition and any summary-judgment-type evidence that is related to the amount in controversy. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The amount in controversy is judged based on the relief claimed at the time of removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).

**III.   DISCUSSION**

Defendant filed a bare-bones response to the order to show cause. Docket No. 17.

As to the amount in controversy, the complaint itself does not exceed the $75,000 jurisdictional minimum. *See* Docket No. 1-3. Moreover, at the time of removal, Plaintiff claimed only $30,807 in past medical damages, along with $19,100-$20,100 in recommended treatment. *See, e.g.*, Docket No. 1-6 at 3. Hence, the amount in controversy identified in the removal papers is roughly $25,000 short of the amount in controversy threshold.

Defendant attempts to bridge that gap by noting that Plaintiff also has two past pending charges of unspecified amounts, one from Sahara West Urgent Care and Wellness and one from Surgical Arts Center. Docket No. 17 at 2; *see also* Docket No. 1-6 at 3. Some of the charges to date are as low as $640 and $1,050, *see* Docket No. 1-6 at 3, and no evidence is provided that these two pending bills will be of any substantial amounts, let alone the tens of thousands of dollars needed to surpass the $75,000 jurisdictional minimum. Defendant was required to provide summary-judgment-type evidence as to the amount in controversy. *But see Matheson*, 319 F.3d at 1090.[1] Speculating as to unspecified amounts of expenses in pending bills is not sufficient to

---

[1] Defendant provides no real discussion at all, but simply "contends" for unelaborated reasons that these medical charges "will exceed the jurisdictional amount." Docket No. 17 at 3. "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090-91.

establish the required amount in controversy. *See, e.g.*, *Vargas v. Garfield Beach CVS, LLC*, 2022 WL 17370538, at *1 (C.D. Cal. Mar. 29, 2022) (finding insufficient evidence presented as to amount in controversy in case involving substantiated medical bills of $60,721.50, as well as "two bills which are still pending").

Defendant also states that Plaintiff alleges permanent and disabling injuries, that her treatment is ongoing, and that the scope of her future damages is currently unknown. Docket No. 17 at 2-3. Once again, the Court has been presented with no support of the assertions that these circumstances are sufficient to put the amount in controversy above $75,000. *See Matheson*, 319 F.3d at 1090. Indeed, it is not entirely clear from the record whether Plaintiff's assertions of "actively undergoing medical treatment," Docket No. 13 at 2, are simply references to the future medical procedures that are already encompassed in the amount in controversy numbers, *see* Docket No. 1-6 at 3 (identifying particular medical procedures that had already been recommended and quantifying the related costs at between $19,100 and $20,100). At bottom, Defendant's bald argument amounts to speculation of what may be claimed in the future, which does not suffice. *See, e.g.*, *Martin v. Kroger Co.*, 2012 WL 5944748, at *2 (D. Nev. Nov. 27, 2012) (rejecting speculation of future medical damages based on seriousness of alleged injuries, as well as allegations regarding future medical treatment, as insufficient to meet the amount in controversy minimum in case with medical damages totaling $43,488.09).[2]

Defendant failed to meet its jurisdictional burden as to amount in controversy.

---

[2] In a footnote, the response to the order to show cause states that there are allegations in the complaint for general damages in excess of $15,000 and compensatory damages in excess of $15,000. Docket No. 17 at 3 n. 10. The Court will not opine on conclusory assertions made in a footnote. *E.g.*, *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996). The response to the order to show cause otherwise does not argue that aspects of the complaint, such as the request for attorneys' fees, suffice to establish an adequate amount in controversy, so the Court will also not consider any other aspects of the complaint. *See, e.g.*, *Martinez v. Vons Cos.*, 2017 WL 3785215, at *3 (D. Nev. Aug. 30, 2017) (declining to consider attorneys' fees with respect to amount in controversy given lack of elaborated argument on the issue).

## IV. CONCLUSION

For the reasons discussed above, this case is hereby **REMANDED** to the Eighth Judicial District Court, Case No. A-24-897949-C, Department 27.  The Clerk's Office is **INSTRUCTED** to close this case.

IT IS SO ORDERED.

Dated: October 23, 2024

_____
Nancy J. Koppe
United States Magistrate Judge